UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRUZ DEVON HINDS,

        Petitioner,

                              CASE NO. 2:19-CV-13497
v.                            HONORABLE DENISE PAGE HOOD

ERICA HUSS,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR A STAY, AN EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL**

    This matter is before the Court on Petitioner's motions for a stay, for an evidentiary hearing, and for appointment of counsel concerning his pending habeas petition.  Petitioner essentially seeks such relief in order to investigate and obtain information from Kwame Matthews, a witness that he believes would offer favorable testimony on his behalf.  Respondent has recently filed an answer to the habeas petition and the state court record, but has not responded to the motions.

I.  Motion for a Stay

    Petitioner seeks to stay the proceedings and hold his habeas petition in abeyance so that he can return to the state courts to exhaust additional issues involving witness Kwame Matthews.  A federal district court has discretion to stay

a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner fails to show the need for a stay.  First, his current claims, as set forth in his habeas petition, are exhausted.  Second, while the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), could pose a problem for Petitioner if the Court were to dismiss the instant petition so that he return to the state courts, Petitioner fails to establish good cause for his failure to investigate and obtain information from Kwame Matthews during his direct appeal and collateral review in the state courts or prior to filing his federal habeas petition (or even during the months that this case has been pending).  The record indicates that Petitioner raised issues involving Kwame Matthews on direct appeal (via a claim of ineffective assistance of trial counsel) and on collateral review (via a claim of ineffective assistance of appellate counsel).  Petitioner's assertions that trial counsel did not fully investigate such issues and that appellate counsel did not properly pursue them on direct appeal, while perhaps establishing cause for those defaults, does not excuse his failure to fully investigate and exhaust his issues on state collateral review before proceeding in federal court.  The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, the Court cannot determine from Petitioner's motion whether new claims involving Kwame Matthews are plainly meritless for purposes of federal habeas review. The Court notes, however, that it is doubtful that Petitioner has an available state court remedy left and/or that pursuit of such a remedy would not be futile. On direct appeal, Petitioner alleged that trial counsel was ineffective for failing to investigate Kwame Matthews and was denied relief on the merits. On collateral review, he raised the same issue and alleged that appellate counsel was ineffective for failing to properly investigate the matter on direct appeal and was denied relief under Michigan Court Rule 6.508(d)(2) because he alleged grounds for relief that were previously decided against him. *See People v. Hinds*, No. 14-1033-FC (Bay Co. Cir. Ct. Feb. 23, 2018). Given such a decision, a third attempt to obtain relief on issues involving Kwame Matthews is likely to be futile.

Michigan Court Rule 6.502(G)(1) provides that a person can typically file only one motion for relief from judgment challenging a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 459 Mich. 884, 587 N. W. 2d 282 (1998)). Petitioner has already done so. Michigan Court Rule 6.502(G)(2) provides for the filing of a successive motion based upon a retroactive change in the law or a claim of newly-discovered evidence that was not discovered

before the first such motion.  *See Banks*, 149 F. App'x at 418; *Hudson*, 68 F. Supp. 2d at 800-01.  Petitioner makes no such showing.  He was aware of Kwame Matthews' alleged significance at the time of trial, direct appeal, and collateral review in the state courts.  He likely has no available state court remedy left to pursue and/or such an attempt would be futile.  Given such circumstances, a stay of the proceedings is unwarranted.  Accordingly, the Court **DENIES** Petitioner's motion for a stay.

## II.  Motion for an Evidentiary Hearing

Petitioner also requests an evidentiary hearing on his claims, particularly as to issues involving Kwame Matthews.  Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed.  *See* Rule 5, 28 U.S.C. foll. § 2254.  With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides in relevant part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8, 28 U.S.C. foll. § 2254.  Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the

contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that an evidentiary hearing under Rule 8 or under 28 U.S.C. § 2254(e) is not necessary at this time. The Court further notes that federal habeas review is generally limited to the record that was before the state courts. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (ruling that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits"). Accordingly, the Court **DENIES** Petitioner's motion for an evidentiary hearing. The Court will bear the request in mind should further development of the record or the issues be necessary for the proper resolution of this matter. Petitioner need not file another motion.

### III. Appointment of Counsel

Lastly, Petitioner requests appointment of counsel. A state prisoner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see*

*also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his habeas petition and supporting documents and Respondent has filed an answer to the petition and the state court record.

Having conducted a preliminary review of the pleadings, the Court finds that neither an evidentiary hearing, discovery, nor oral argument are necessary for the resolution of this case, and the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases. Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel. The Court will bear the request in mind should the counsel be necessary for the proper resolution of this matter. Petitioner need not file another motion.

IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the Motion to Stay (#12), the Motion for an Evidentiary Hearing (#15) and the Motion to Appoint Counsel (#14) are **DENIED**.

                                     s/Denise Page Hood
                                     United States District Judge

Dated:  July 31, 2020