UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRUZ DEVON HINDS,

        Petitioner,

                                    CASE NO. 2:19-CV-13497
v.                                 HONORABLE DENISE PAGE HOOD

ERICA HUSS,

        Respondent.

_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Cruz Devon Hinds ("Petitioner") was convicted of first-degree murder, MICH. COMP. LAWS § 750.316, carrying a dangerous weapon with unlawful intent, MICH. COMP. LAWS § 750.226, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and three counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Bay County Circuit Court.  He was sentenced, as a third habitual offender, MICH. COMP. LAWS § 769.11, to life imprisonment without the possibility of parole

on the murder conviction, a concurrent term of 5 to 10 years imprisonment on the carrying a dangerous weapon and felon in possession convictions, and concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences in 2015. In his pleadings, Petitioner raises claims concerning the jury instructions and the effectiveness of trial and appellate counsel. For the reasons set forth herein, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from the shooting death of a man named Alfred Watts outside a bar in Bay City, Michigan in 2014. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant was convicted of shooting and killing Alfred Watts outside Tubby's Bar in Bay City on May 24, 2014. The evidence showed that defendant chased a fleeing Watts and then shot him five times, including shots to Watts's back and shots fired while Watts was on the ground. Watts also had injuries to his face, consistent with being struck by a fist. In his statements to police, defendant initially denied having a gun or shooting Watts. After being shown a gun recovered by police, defendant admitted killing Watts, but he claimed to have done so in self-defense. According to defendant, at the bar, he encountered Kwame Mathews, a person with whom he had a verbal

2

> altercation approximately a month earlier, and Mathews displayed a gun during a confrontation. Defendant contended that shots were fired outside the bar and that, in the ensuing chaos, he mistakenly chased and shot Watts out of fear for his life.
>
> The trial court instructed the jury on self-defense and the related common law principles of retreat. Despite instructions on self-defense, the jury convicted defendant....

*People v. Hinds*, No. 326923, 2016 WL 3317411, *1 (Mich. Ct. App. June 14, 2016) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the jury instructions and the effectiveness of trial counsel. The court denied relief on those claims and affirmed his convictions and sentences. *Id.* at pp. 1-5. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hinds*, 500 Mich. 925, 888 N.W.2d 103 (2017).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising a claim concerning the effectiveness of appellate counsel. The trial court denied the motion. *People v. Hinds*, No. 14-1033-FC (Bay Co. Cir. Ct. Feb. 23, 2018). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied for failure to establish that the trial court erred in denying the motion for relief from judgment. *People v. Hinds*, No.

3

344725 (Mich. Ct. App. Nov. 14, 2018).  Petitioner also filed an application for

leave to appeal with the Michigan Supreme Court, which was denied for failure to

establish entitlement to relief under Michigan Court Rule 6.508(D).  *People v.*

*Chambers*, 505 Mich. 901, 929 N.W.2d 349 (2019).

Petitioner thereafter filed his federal habeas petition raising the following

claims:

    I.    The trial court deprived him of his constitutional right to
present a defense and to be judged by a properly instructed jury
when it declined to give the third paragraph of Michigan
Criminal Jury Instruction 7.16.

    II.    Trial counsel provided ineffective assistance, in violation of the
constitutional right to counsel and the state and federal due
process clauses, where counsel failed to investigate the case
against Petitioner and failed to present three known witnesses.

    III.    He was denied his Sixth and Fourteenth Amendment
constitutional rights to the effective assistance of appellate
counsel where appellate counsel failed to investigate witnesses.

Respondent has filed an answer to the habeas petition contending that it should be

denied because the claims lack merit.

## III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal

courts must use when considering habeas petitions brought by prisoners

challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v.*

*Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).  A petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26

(2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section

2254(d) "does not require a state court to give reasons before its decision can be

deemed to have been 'adjudicated on the merits.'"  *Harrington*, 562 U.S. at 100.

Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it

does not even require *awareness* of [Supreme Court] cases, so long as neither the

reasoning nor the result of the state-court decision contradicts them."  *Early v.

Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

     The requirements of clearly established law are to be determined solely by

Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly

established Federal law as determined by the Supreme Court'" and it cannot

provide the basis for federal habeas relief.  *Parker v. Matthews*, 567 U.S. 37, 48-

49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per

curiam).  The decisions of lower federal courts, however, may be useful in

assessing the reasonableness of a state court's decision.  *Stewart v. Erwin*, 503

F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671

(8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

     A state court's factual determinations are presumed correct on federal

habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this

presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d

358, 360-61 (6th Cir. 1998).  Habeas review is "limited to the record that was

before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.   Jury Instruction Claim

Petitioner first asserts that he is entitled to habeas relief because the trial

court refused to provide the jury with the third paragraph of Michigan Criminal

Jury Instruction 4.16, which contains a "stand your ground" provision.

Respondent contends that this claim lacks merit.

In order for habeas relief to be warranted on the basis of incorrect jury

instructions, a petitioner must show more than that the instructions are

undesirable, erroneous or universally condemned.  Rather, taken as a whole, they

must be so infirm that they rendered the entire trial fundamentally unfair.  *Estelle*

*v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154

(1977).  A jury instruction is not to be judged in artificial isolation, but must be

considered in the context of the instructions as a whole and the trial record.  *Jones*

*v. United States*, 527 U.S. 373, 391 (1999); *Grant v. Rivers*, 920 F. Supp. 769, 784

(E.D. Mich. 1996).  State law instructional errors rarely form the basis for federal

habeas relief.  *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals considered this claim on direct appeal and

denied relief, essentially ruling that the "stand your ground" provision was not

supported by the evidence and that any potential error was harmless given the

evidence presented at trial.  The court explained:

> Defendant argues on appeal that the trial court erred when, although instructing the jury on self-defense, it denied his request to instruct the jury that defendant had no duty to retreat in accordance with M Crim JI 7.16(3), which provides:
>
>> (3) Further, a person is not required to retreat if the person:
>>
>> (a) has not or is not engaged in the commission of a crime at the time the deadly force is used, and
>>
>> (b) has a legal right to be where the person is at that time, and
>>
>> (c) has an honest and reasonable belief that the use of deadly force is necessary to prevent imminent [death/great bodily harm/sexual assault] of the person or another.
>
> With regard to this instruction, defendant concedes that he was a felon-in-possession at the time of the killing, but he maintains that the instruction should still have been given because self-defense can be used as a defense to felon-in-possession. Given the availability of this defense to justify his possession of a firearm, defendant argues that it was for the jury to determine whether defendant "engaged in the commission of a crime." In other words, defendant maintains that, if his possession of a firearm is excused on the basis of self-defense, he was not engaged in the "commission of a crime" at the time he used deadly force and thus he was under no duty to retreat.
>
> We review de novo a claim of instructional error, and review for an abuse of discretion a trial court's determination that a specific

instruction is applicable to the facts of the case. *People v. Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011). A trial court must instruct the jury on the applicable law, and must fully and fairly present the case to the jury. *People v. McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). "The instructions must include all elements of the charged crimes and any material issues, defenses, and theories if supported by the evidence." *Id*. A reviewing court must read the jury instructions as a whole. *People v. Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Even if somewhat imperfect, jury instructions do not create error if they fairly presented the issues and protected the defendant's rights. *People v. Eisen*, 296 Mich App 326, 330; 820 NW2d 229 (2012). Ultimately, "[r]eversal for failure to provide a jury instruction is unwarranted unless it appears that it is more probable than not that the error was outcome determinative." *People v. McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003).

Relevant to our assessment of the trial court's instructions in this case, self-defense and the related concept of retreat have their origins in the common law. *People v. Riddle*, 467 Mich 116, 126; 649 NW2d 30 (2002). At common law, a defendant could claim self-defense if he "honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *Id*. at 127. The question of whether the exercise of force was "necessary" normally involved consideration of whether a defendant could have safely avoided using deadly force, i.e., whether a defendant could have safely retreated. *Id*. at 119, 142. When considering the issue of retreat, there were three important considerations at common law:

> (1) one who is without fault is never obligated to retreat from a sudden, violent attack or to retreat when to do so would be unsafe, and in such circumstances, the presence of an avenue of retreat cannot be a factor in determining necessity; (2) our law imposes an affirmative "duty to retreat" only upon one who is at fault in voluntarily participating in mutual nondeadly combat; and (3) the "castle doctrine" permits one who is

11

> within his dwelling to exercise deadly force even if an
> avenue of safe retreat is available, as long as it is
> otherwise reasonably necessary to exercise deadly force.
> [*Id*. at 142.]

Self-defense was available at common law as an affirmative defense
to a charge of felon-in-possession. *People v. Dupree*, 486 Mich 693,
709; 788 NW2d 399 (2010). When an act is committed in
self-defense, it is said to constitute "a lawful act," *People v. Heflin*,
434 Mich 482, 508–509; 456 NW2d 10 (1990), and, though the actor
"admits the crime," the conduct is justified such that the actor "is not
guilty of any crime," *Dupree*, 486 Mich at 705, 707–708 & n 11
(citation omitted).

Effective October 1, 2006, the Legislature enacted the Self–Defense
Act (SDA), MCL 780.971 et seq., which "codified the circumstances
in which a person may use deadly force in self-defense or in defense
of another person without having the duty to retreat." *Dupree*, 486
Mich at 708. By its express terms, the SDA did "not diminish an
individual's right to use deadly force or force other than deadly force
in self-defense or defense of another individual as provided by the
common law of this state in existence on October 1, 2006." MCL
780.974. Consequently, following the enactment of the SDA,
self-defense remains available as a defense to a charge of
felon-in-possession. *See People v. Guajardo*, 300 Mich App 26, 40;
832 NW2d 409 (2013).

However, whereas MCL 780.974 reaffirms a person's right to assert
self-defense as it existed under the common law, MCL 780.973 of
"the SDA modified the common law's duty to retreat that was
imposed on individuals who were attacked outside their own home or
were not subjected to a 'sudden, fierce, and violent' attack."
*Guajardo*, 300 Mich App at 35. *See also People v. Conyer*, 281 Mich
App 526, 530 & n 2; 762 NW2d 198 (2008). MCL 780.973 provides
that "[e]xcept as provided [MCL 780.972], this act does not modify
the common law of this state in existence on October 1, 2006
regarding the duty to retreat before using deadly force or force other
than deadly force" (emphasis added). Therefore, it is necessary to

look to MCL 780.972 of the SDA to define the circumstances in which the SDA modified the common law concepts of retreat. In particular, MCL 780.972(1) sets forth the availability of self-defense without a duty to retreat, as follows:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

> (b) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent sexual assault of himself or herself or of another individual. [MCL 780.972(1) (emphasis added).]

This provision created "a new substantive right, i.e., the right to stand one's ground and not retreat before using deadly force in certain circumstances in which a duty to retreat would have existed at common law." *Conyer*, 281 Mich App at 530. In other words, the stand your ground protection is not part of the law of self-defense as it existed at common law; rather, it is a new statutory creation that is clearly inapplicable to an individual who has, or was, engaged in the commission of a crime at the time deadly force was used.

Turning to the present case, the trial court instructed the jury on self-defense and the concept of retreat as it existed at common law. However, despite a request from defendant, the trial court declined to read M Crim JI 7.16(3), which would have informed the jury that defendant had no duty to retreat in keeping with MCL 780.972(1). We see nothing erroneous in this refusal given that, among other criteria under MCL 780.972(1), one of the conditions for not having a duty to retreat is that the individual using deadly force "has not or is

13

not engaged in the commission of a crime at the time he or she uses deadly force." MCL 780.972(1). The facts in this case established that defendant brought a gun to the bar, thereby violating MCL 750.224f, and he still had that gun in his possession while he chased and killed Watts. As a felon ineligible to possess a firearm, defendant had engaged in, and was engaged in, the commission of a crime at the time he used deadly force. It follows that, although defendant could claim self-defense to justify his conduct, he was not entitled to a stand your ground instruction and the common law principles of retreat applied. Therefore, M Crim JI 7.16(3) was inapplicable, and the trial court did not err by refusing to read this instruction.

Moreover, we note briefly that, even if the instruction should have been given, the facts in this case are such that it does not appear more probable than not that the refusal to give the stand your ground instruction was outcome determinative. *See McKinney*, 258 Mich App at 163. Defendant had the gun in his possession before he arrived at the bar and, by his own admission, he ultimately chased a fleeing Watts to shoot him five times, including in the back. While defendant had a confrontation with Mathews and there was evidence that Mathews had a gun, Watts never threatened defendant and, once Watts began to flee, he certainly did not pose a threat to anyone. *Cf. Guajardo*, 300 Mich App at 42. Quite simply, although defendant claimed that he feared for his life, nothing in defendant's version of events supports the conclusion that he "honestly and reasonably" believed that the use of deadly force against a fleeing Watts was necessary to prevent the imminent death of, or imminent great bodily harm to, himself or someone else. MCL 780.972(1)(a); *Guajardo*, 300 Mich App at 40–42 & n 4. Thus, even if instructed that defendant had no duty to retreat, it is not more probable than not that the jury would have accepted defendant's claim of self-defense. Defendant is not entitled to relief on appeal. *See McKinney*, 258 Mich App at 163.

*Hinds*, 2016 WL 3317411 at *1-4 (footnotes omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.    First, to the extent

14

that Petitioner asserts that the trial court erred in instructing the jury under

Michigan law, he merely alleges a violation of state law which does not justify

federal habeas relief.  *See, e.g., Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir.

2012) ("a state court's interpretation of the propriety of a jury instruction under

state law does not entitle a habeas claimant to relief").  State courts are the final

arbiters of state law and the federal courts will not intervene in such matters.

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th

Cir. 1987);  *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)  ("a state court's

interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court on habeas review"); *Sanford v.*

*Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for

perceived errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it

is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions").

Second, Petitioner fails to establish that the trial court's refusal to give the

"stand your ground" portion of the jury instruction violated his federal

constitutional rights.  As explained by the Michigan Court of Appeals, the

evidence at trial did not support such an instruction.  It is undisputed that he was a

felon in possession of a firearm during the course of the incident.  Additionally,

there is no evidence that Petitioner had the right to stand his ground. Rather, the evidence at trial showed that he chased the victim and shot him in the back and again while he was lying on the ground. Lastly, the trial court did instruct the jury on self-defense and Petitioner was able to argue that he acted in self-defense based upon that instruction and the other instructions given at trial such as those explaining the elements of the offense and the burden of proof. Petitioner fails to show that the trial court's refusal to give the stand your ground portion of the instruction denied him a fundamentally fair trial or deprived him of the right to present a defense. Habeas relief is not warranted on this claim.

### B.    Ineffective Assistance of Trial Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to investigate his case and call three known witnesses. Respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not

16

functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  *Id*. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id*. at 689.  There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*.  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief finding that Petitioner's allegation that counsel was ineffective was unsupported with an offer of proof. The court explained:

> In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No.2004–6, Standard 4, defendant argues that defense counsel was ineffective for failing to investigate the case and failing to call three known witnesses, including Mathews, Gwendolyn Gray, and LaToya Draine. Because defendant did not raise this issue in a motion for an evidentiary hearing or a new trial in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v. Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).
>
> Counsel is presumed to have afforded effective assistance, and defendant bears the heavy burden of proving otherwise. *People v. Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). To establish ineffective assistance of counsel, defendant must show "(1) that

18

counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (citation and quotation marks omitted). A defendant also bears the burden of establishing the factual predicate of his ineffective assistance claim. *Id*. An attorney's decision whether to call a witness to testify is a matter of trial strategy. *People v. Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). The failure to call or question witnesses constitutes ineffective assistance only when it deprives the defendant of a substantial defense. *Id*. A substantial defense is one that might have made a difference in the outcome of the trial. *People v. Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Defendant asserts that Mathews would have testified that Watts had the gun, and would have been questioned as to why he intimidated witnesses, that Gray would have testified that she heard Mathews tell another person that he was going to kill someone, and that Draine would have testified that Mathews started an argument with defendant that evening. However, defendant has not submitted any witness statements or affidavits from Mathews, Gray, and Draine to establish what testimony they would have provided. Without an appropriate offer of proof, defendant has not established the factual predicate of his claim and there is no basis for concluding that there is a reasonable probability that the result of the trial would have been different if these witnesses had been called. *Cf People v. Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Moreover, counsel's failure to call Mathews, Gray, and Draine did not prevent defendant from presenting the defense of self-defense given that counsel in fact called other witnesses in support of a self-defense claim. On the whole, defendant has not overcome the presumption that trial counsel rendered effective assistance. Defendant's ineffective assistance of counsel argument is without merit. *See Douglas*, 496 Mich at 592.

*Hinds*, 2016 WL 3317411 at *4-5 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent

nor an unreasonable application of federal law or the facts.  Well-established

federal law requires that defense counsel conduct a reasonable investigation into

the facts of a defendant's case, or make a reasonable determination that such

investigation is unnecessary.  *Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at

691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007).  The duty to

investigate "includes the obligation to investigate all witnesses who may have

information concerning . . . guilt or innocence."  *Towns v Smith*, 395 F.3d 251,

258 (6th Cir. 2005).  That being said, decisions as to what evidence to present and

whether to call certain witnesses are presumed to be matters of trial strategy.

When making strategic decisions, counsel's conduct must be reasonable.  *Roe v.

Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23.

The failure to call witnesses or present other evidence constitutes ineffective

assistance of counsel only when it deprives a defendant of a substantial defense.

*Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*,

303 F.3d 720, 749 (6th Cir. 2002).

In this case, Petitioner alleges that the three witnesses would have provided

testimony in support of his self-defense claim, but fails to provide affidavits or

statements from those witnesses to support his allegations.  Conclusory

allegations, without evidentiary support, are insufficient to justify habeas relief.

*See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) (citing *Workman* and denying habeas relief on conclusory claims); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Petitioner's own, self-serving assertions are suspect given his vested interest in the matter, *see, e.g., McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) ("A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."), and are insufficient to support a finding that trial counsel erred and/or that he was prejudiced by counsel's conduct.

Additionally, Petitioner was not deprived of a substantial defense. Trial counsel presented testimony from other witnesses in support of Petitioner's self-defense claim and made reasonable arguments in support of that defense, as well as reasonable doubt, based upon the testimony presented at trial. The fact that trial counsel was ultimately unsuccessful does not mean that he was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Petitioner fails to show that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### C.    Ineffective Assistance of Appellate Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to investigate his case, namely the same three witnesses referenced with respect to his ineffective assistance of trial counsel claims.  Respondent contends that this claim lacks merit.

As discussed *supra*, in order to establish ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  *Jones*, 463 U.S. at 751.  The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  *See Smith v. Murray*, 477

22

U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal.  *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).  In other words, counsel's failure to raise an issue on appeal can only be ineffective assistance "if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

The state trial court denied relief on this claim on collateral review essentially finding that Petitioner was not entitled to relief because he was raising the same type of ineffective assistance of counsel issues which were previously decided against him on direct appeal.  *Hinds*, No. 14-1033-FC at *1-3.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]  As with

---

[1] The state *trial* court did not clearly address the issue of ineffective assistance of *appellate* counsel in its opinion, although the opinion references Petitioner's ineffective assistance of appellate counsel claim.  The Court need not resolve this issue because it would (and does) reach the same conclusion under a de novo standard of review.

Petitioner's ineffective assistance of trial counsel claim, Petitioner fails to support this claim with affidavits or statements from the witnesses at issue.  As discussed, conclusory allegations are insufficient to justify habeas relief.  *See Workman*, 178 F.3d at 771; *see also Wogenstahl*, 668 F.3d at 335-36; *Washington*, 455 F.3d at 733.  Petitioner fails to establish that appellate counsel erred and/or that he was prejudiced by counsel's conduct.  Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on his claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims.  The Court **DENIES** a certificate of appealability.

24

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.  This case is **CLOSED**.

**IT IS SO ORDERED**.


s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  April 6, 2023